IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-00202-1-CR-W-ODS |
| ) | |
| ALLEN FOX, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

On February 23, 2012, the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, issued her Report and Recommendation ("the Report") recommending that Defendant's motion to suppress be denied. Defendant has filed objections. The Court has reviewed the Record de novo, including (1) the transcript of proceedings before Judge Hays, (2) the photographs, video recording, and other documents introduced during the hearing, and (3) the parties' arguments. Having done so, the Court adopts Judge Hays' recommendation and denies Defendant's Motion to Suppress.

Defendant does not dispute the facts found by Judge Hays; instead, he "asserts that additional crucial facts have been omitted." The Court does not agree that the omitted facts are "crucial," in that the omitted facts do not alter the Court's legal conclusions.

In early August 2011, Officer Jeremie Stauch of the Independence Police Department received information from a self-confessed drug user that he regularly obtained methamphetamine from someone named Allen who drove a silver Cadillac and frequented a particular area of Independence. Officer Stauch went to the area Allen allegedly frequented and observed a silver Cadillac in the area. Dispatch advised the license plate was registered to Allen Fox and that Fox had a suspended license and outstanding warrants. Officer Stauch did not stop the car because it traveled outside of Independence. Over the next several days Officer Stauch conducted additional

research on Fox and discovered the outstanding warrants were for "violent drugs," which Officer Stauch understood to mean "hardcore drugs" such as methamphetamine or cocaine.

On August 11, Officer Stauch observed Fox's Cadillac near the area previously described to him.  He contacted the dispatcher without activating his lights or siren, and believed the Cadillac was attempting to evade him.  Officer Stauch observed the driver commit a traffic violation and at that point activated his lights and stopped the Cadillac.  The Cadillac stopped and Officer Stauch requested backup and a K-9 unit, then talked to the driver.  Fox was the driver; he appeared nervous and told Officer Stauch he was going to a friend's house but could not identify the friend or where the friend lived.  Officer Stauch returned to his car to wait for the other officers, at which point dispatch reported that the license Fox presented was suspended and that the warrants were still outstanding.

Officer Hicks arrived, at which point Fox was arrested based on the outstanding warrants and for driving with a suspended license.   He was searched, handcuffed, and placed in Officer Stauch's car.  A tow unit was called, and Officer Stauch began inventorying the Cadillac's contents.  While doing so he found a Bushnell case containing nearly $3700 in cash and gambling receipts.  Nothing was found in the trunk.  Officer Stauch then searched under the hood where he found (as advised by the unnamed informant) narcotics and a digital scale.

The Report recommends the Court conclude there was probable cause for the search, and the Court agrees with this recommendation.  Law enforcement officers are permitted to search an automobile without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity.  E.g., United States v. Brown, 634 F.3d 435, 438 (8th Cir. 2011).  "Probable cause exists when, under the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Datcu, 627 F.3d 1074, 1077 (8th Cir. 2010).  While no information about the informant is available (such as his identity or any indication of a past record of reliability), such a tip may contribute to probable cause if it is partially corroborated.  E.g., United States v.

Morrison, 594 F.3d 626, 631-32 (8th Cir. 2010). Here, Officer Stauch confirmed that a person named Allen was frequenting a particular area in Independence in a silver Cadillac. He also confirmed that individual's involvement in drug activity, as evidenced by the outstanding warrant for drug-related crimes. Defendant's answers to Officer Stauch's questions heightened his suspicions. The Court believes these facts provided probable cause to believe, consistent with what the anonymous tipster indicated, that drugs would be found under the Cadillac's hood.

Second, the search was independently justified by the warrant for Defendant's arrest.[1] Even after the Supreme Court's decision in Arizona v. Gant, the permissible scope of search may depend on the reason for the arrest. "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. 332, 351 (2009); see also United States v. Webster, 625 F.3d 439, 445 (8th Cir. 2010). Defendant was arrested on a felony drug warrant; it was thus reasonable to believe that drugs would be found hidden in Defendant's car.

Finally, the Court agrees with the Report's conclusion that the drugs would have been inevitably discovered by the K-9 unit. Contraband does not need to be suppressed if it would have been inevitably discovered, which requires satisfaction of the following conditions:

> First, there must be an ongoing line of investigation that is distinct from the impermissible or unlawful technique. Second, there must be a showing of a reasonable probability that the permissible line of investigation would have led to the independent discovery of the evidence. The required standard of proof on this evidentiary issue is a simple preponderance of the evidence, not proof beyond a reasonable doubt.

---

[1] Judge Hays did not specifically address this issue in the Report, but as part of its de novo review the District Court is empowered to reach any holding justified by the Record.

3

United States v. Villalba-Alvarado, 345 F.3d 1007, 1019-20 (8th Cir. 2003).  The K-9 unit constituted a line of investigation that was distinct from Officer Stauch's search.  Ordinarily, the Court would be hesitant to speculate on what a police dog would or would not do in a given situation.  Here, however, the Court finds a reasonable probability that the police dog would have alerted on the drugs, primarily because the evidence demonstrates the police dog actually alerted on the area where the drugs had been stored before being moved.  Defendant makes much of the fact that the dog did not alert on the drugs sitting on top of the hood of Officer Stauch's car, but the dog was directed to Defendant's car and not Officer Stauch's car.  The facts persuade the Court there was more than a reasonable probability that the dog would have alerted on the drugs if Officer Stauch had not found and removed them.

Judge Hays' Report and Recommendation is adopted as the Order of the Court, as augmented by this Order.  Defendant's Motion to Suppress is denied for three independent reasons: (1) the search was justified by probable cause, (2) the search was justified as a search incident to arrest, and (3) even if the search was unlawful, the narcotics would have inevitably been discovered.

IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 6, 2012                UNITED STATES DISTRICT COURT